USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X

**Ronda Ship Management Inc.**

        v.

**Doha Asian Games Organising Committee**

------------------------------------------------- X

09 cv 10269 (CM)

### ORDER DENYING REQUEST FOR EX PARTE ATTACHMENT
### AND DIRECTING THAT THE CASE BE DISMISSED

McMahon, J.:

    The present case is related to a 2007 filing by plaintiff, Rhonda Ship Management Inc. v. Doha Asian Games Organising Committee, 07 cv 94 (CM). In the earlier matter, plaintiff sought and the Court issued a Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Pursuant to that order, electronic fund transfers (EFTs) in the approximate amount of $10,000,000.00 were restrained. Those funds were subsequently paid into the Court Registry Investment System account.

    On December 4, 2009, in light of the Second Circuit Court of Appeals decision in Shipping Corp. of India v. Jaldhi Overseas Pte Ltd., 585 F.3d 58 (2d Cir. 2009), the Court vacated the attachment in the 2007 case, and dismissed the case, based on plaintiff's failure to demonstrate any alternative basis for asserting *in personam* jurisdiction over defendant. Rhonda Ship Management Inc. v. Doha Asian Games Organising Committee, 07 cv 94 (CM) (Order dated December 4, 2009). Because the Court's order is subject to the automatic stay under Fed.R.Civ.P. 62(a), the earliest that the funds could be release is December 28, 2009.

    Plaintiff has commenced a new action – identical caption, new docket number (09 CV 10269) – seeking to attach the $10 Million after the funds are release from the Court Registry into an account held by defendant's attorney. Plaintiff argues that once funds are transferred from the Court into an attorney account, and the funds are being held for the benefit of defendant, the funds became attachable because they are not EFTs.

    Plaintiff's argument ignores the fact that there would never have been any funds for the court

to transfer to an attorney account, if those funds had not been improperly seized. The $10 Million plaintiff is seeking to attach was derived from EFTs that were unlawfully seized. As this Court stated in its December 4, 2009, order vacating the attachment:

> The fact that the bank restraining the funds may have transferred the funds into an interest bearing account in the Court Registry Investment System ("CRIS"), does not remove them from the scope of Jaldhi. Indeed, the EFTs in Jaldhi were also transferred into the CRIS. "No alchemy by the bank transformed EFTs that cannot be attached into property of the defendant that can be attached." See Argus Development Inc. v. Steelcore Trading Ltd., 2009 WL 4016626 (S.D.N.Y.), November 16, 2009)(JGK).

Rhonda, 07 cv 94 (CM), supra. Further transferring these improperly seized EFTs from the Court Registry into an attorney trust account does not transform these EFTs into property of the defendant that can be attached.

Plaintiff's reliance on India Steamship Company LTD. v. Kobil Petroleum LTD., 09-4564, is unpersuasive. In India Steamship, my colleague, The Honorable Richard M. Berman, signed a Rule B attachment order and plaintiff restrained defendant's funds in the form of EFTs passing through the district. Those funds were subsequently transferred to the Court Registry. After the Court of Appeals issued its decision in Jaldhi, Judge Berman directed that the funds be released from the Court Registry. Plaintiff filed a motion in the Second Circuit Court of Appeals, asking the Court to stay the transfer. Before the Court of Appeals ruled on the motion, a check was issued from the Courts Registry to defendant's counsel in New York. Plaintiff, in turn, served an ex-parte order of attachment on defendant's counsel as garnishee and attached the funds in the attorney's account. This subsequent order was procured by plaintiff without Judge Berman's approval: it was based on the provision in the initial attachment order that permitted the Clerk of the Court to issue supplemental process specifying other or additional garnishees, without further order of the court. In light of this chronology, the Second Circuit issued a summary order disposing of the motion to stay:

> The funds in question having been released to defendant's counsel, and plaintiff already having served a writ of attachment on defendant's counsel, the application for a stay of the order directing the release of the funds from the District Court Registry is DENIED as moot.

India Steamship, 09-4564 (Summary Order November 2, 2008)(Gerald E. Lynch, *Circuit Judge*).

Plaintiff argues that since Judge Berman and Judge Lynch had an opportunity to order the release of the funds being held in the attorney account but declined to do so, those Courts implicitly found nothing improper with such an attachment. Counsel's extrapolation from the Circuit Court's summary order is unwarranted. The Court was asked to stay the transfer of funds from the Court's registry account. By the time the Court was asked to rule, the transfer had taken place– motion moot. The Court was not concerned with or asked to rule upon the subsequent attachment of those funds. As for Judge Berman, the case was before the Court of Appeals and thus, out of his jurisdiction. Indeed, plaintiff's reliance on the "further attachment" language in the original attachment order – the one that was voided for lack of subject matter jurisdiction – to effect seizure of the funds once

they were transferred to the defendant's attorney was, at best, inappropriate.

It simply makes no sense for the Court to order the release of improperly restrained funds from the Court Registry on one hand, only to order an attachment of those same funds when placed in an account for the benefit of defendant.

The Court declines to sign the attachment.

There being no basis for jurisdiction in this matter (see Rhonda Ship Management Inc. v. Doha Asian Games Organising Committee, 07 cv 94 (CM) (Order dated December 4, 2009), the case is dismissed. The Clerk of the Court is to unseal and close the case.

This constitutes the decision and order of the Court.

SO ORDERED:

Colleen McMahon
U.S.D.J.

Dated: December 18, 2009
       New York, New York


BY FAX TO:

Patrick F. Lennon
Nancy R. Siegel
Lennon, Murphy & Lennon
The Gray Bar Building
420 Lexington Avenue
Suite 300
New York, NY 10170