

**Lennon, Murphy & Lennon, LLC**
ATTORNEYS AT LAW

The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
phone (212) 490-6050
fax (212) 490-6070
www.lenmur.com

Tide Mill Landing
2425 Post Rd., Suite 302
Southport, CT 06890
phone (203) 256-8600
fax (203) 256-8615
mail@lenmur.com

## MEMO ENDORSED

December 28, 2009

**By facsimile (212) 805-6326**
Hon. Colleen McMahon
United States District Judge
500 Pearl St., Room 640
Daniel Patrick Moynihan
United States Courthouse
New York, NY

USDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/10

*[Handwritten: 1/4/10 Motion for reconsideration is denied. Colleen McMahon]*

Re: **Ronda Ship Management Inc. v. Doha Asian Games Organising Committee**
Docket No.: 09 Civ. 10269 (CM)

Dear Judge McMahon,

We represent the Plaintiff, Ronda Ship Management, in the above referenced action. On an urgent basis, we write to request that the Court reconsider its Order Denying Request for Ex Parte Order of Attachment dated December 21, 2009 and upon reconsideration grant Plaintiff's request to issue an Ex Parte Order of Attachment directing the restraint of Defendant's property in New York.

"A motion for reconsideration is governed by U.S. Dist. Ct., S.D. N.Y., Civ. R. 6.3 and is appropriate where a court overlooks controlling decisions or factual matters that were put before it on the underlying motion and which, had they been considered, might have reasonably altered the result before the court. Alternatively, a motion for reconsideration may be granted to correct a clear error or prevent manifest injustice." *Allied Maritime, Inc. v. Rice Corp.*, 361 F. Supp. 2d 148 (S.D.N.Y. 2004). Further, where a Court overlooks the appropriate legal factors to be applied to the dispute, the Court may consider evidence regarding those legal factors which were overlooked. *See Odfjell Seachem A/S v. Cont'l de Petrols et Invs. SA*, 08 Civ. 5024 (JSR), 613 F. Supp. 2d 497, 500 (S.D.N.Y. 2009)(granting motion for reconsideration because the Court neglected to take detailed account of the relevant case law and finding that in the context of the new evidence put before it in plaintiff's motion for reconsideration, that the decision should be overturned).

Plaintiff respectfully submits that the Order issued by the Court on December 21, 2009 overlooked, misapplied or inappropriately analyzed relevant legal authorities, failed to consider relevant facts, and/or is premised on incorrect factual assumptions. This was not due to any fault of the Court, but rather was due to the fact that the relevant authority had been filed under seal and could not be cited.

---

Patrick F. Lennon | Charles E. Murphy | Kevin J. Lennon | Nancy R. Siegel | Anne C. LeVasseur | Coleen A. McEvoy | Darin L. Callahan

As will be discussed below, two other Judges, one in the Eastern District of New York (Sandra L. Townes) and one in the Southern District of New York (Chief Judge Loretta A. Preska) have issued Ex Parte Orders of Attachment against defendants in near identical scenarios as the one presented here. That is, the first action filed in the Southern District of New York was dismissed on the basis that the funds attached were EFTs. In both of those cases, checks were to be issued to the <u>defendants' attorneys</u> from the Court Registry, for ultimate deposit in New York or New Jersey. Notwithstanding the earlier dismissals, both Chief Judge Preska and Judge Townes found that the requirements for a Rule B attachment had been met given that a check was to be issued <u>to Defendant's attorneys and deposited for the Defendant's benefit in an account in New York or New Jersey</u>. Please find attached here a copy of the Ex Parte Order and Writ issued by Judge Townes in the case *Nanyuan v. Chorus* annexed hereto as Exhibit "A."

In the first *Nanyuan* matter, 08 Civ. 5551(RMB), Judge Berman dismissed the case and vacated the attachment issued therein on *Jaldhi* grounds. A check was then to be issued from the Court Registry to defendant's New Jersey counsel and/or another agent in New Jersey. On that basis, plaintiff Nanyuan sought and obtained an Ex Parte Order of Attachment from the Eastern District of New Jersey directing that defendant's property be attached in the hands of the attorneys or another appointed agent. The attorneys or other agents would be the garnishees. The check subsequently issued from the Court Registry and the Ex Parte Order and Writ were served on Defendant's counsel and/or another non-party holding the check. Thus, the plaintiff maintains that it has validly attached new and different property of the defendant in New Jersey.

Chief Judge Preska issued an attachment order in a nearly identical scenario (where the initial case was dismissed on *Jaldhi* grounds but a check was to issue to defendant's attorneys from the Court Registry). This matter still remains under seal, thus we are not free to send out the Ex Parte Order issued. However, once again, we would be happy to have the Ex Parte Order and Writ reviewed by your Honor *in camera*.

The fact is that at some point funds which have come into this district via EFT lose their protection as EFTs. For example, a defendant could order funds formerly attached as EFTs to be sent to a bank account in New York, which it then could proceed to use to pay its various debts in New York. Would that bank account remain "immune" from attachment for its entire existence given that it was funded from former EFTs? We submit not. We submit that the IRS would disagree with this unending immunity as well. Once a Defendant reaches out its hand from abroad and has the funds attached turned into a negotiable instrument in New York, or deposited into a New York bank account for their benefit, those funds lose any protection they might have had from *Jaldhi*. To hold otherwise would be to allow defendants to set up pools of protected money in New York, forever immune from whatever creditor may want to reach them. This would be a convenient way for a defendant to do business out of New York without having its property attached.

If the check to be issued was made in the name of the Defendant only, to be mailed abroad, the Defendant <u>may</u> have a greater argument that those funds are immune. However, this is not the case here. Rather, the check to be issued by the Court Registry is being issued in the name of DAGOC's New York attorneys, who will deposit it into their account in their New York bank account for Defendant's benefit. Please find attached hereto a copy of the proposed Order submitted by DAGOC's counsel stating that the check from the Court Registry should be issued

2

to Defendant's counsel, not Defendant annexed hereto as Exhibit B. No doubt Defendant's counsel will apply its bills against those funds, thus, using the Defendant's funds for Defendant's benefit in New York. *Jaldhi* is not a free pass allowing Defendants to hold funds immune in New York bank accounts. For example, the Defendant could be using the money sent to their New York attorneys to funds a large retainer which the New York attorneys would slowly work off. The bottom line is that since the check from the Court Registry is being addressed to Defendant's counsel to be deposited in New York, where Defendant has the capability to use the funds for satisfaction of its bills in New York, there is no reason that Plaintiff should not be allowed to attach that property.

Once again, Plaintiff is not seeking to re-attach funds formerly attached as EFTs. Rather it is seeking to attach an entirely new asset, a negotiable instrument in the hands of Defendant's attorneys or funds on account with Defendant's New York counsel.

As the property which Plaintiff seeks to attach in this action is new and different from that originally attached in the former *Ronda* case, and two other Judges have issued attachments in near identical scenarios, we respectfully request that the Court reconsider its Order Denying the Order of Attachment and upon reconsideration grant Plaintiff's request for an Ex Parte Order of Attachment Directing the Restraint of Defendant's property in the district.

Therefore, as set forth above, Plaintiff has met all of the requirements of Rule B: (1) that Plaintiff has a prima facie valid maritime claim; (2) that the Defendant is not present in the District; (3) that Defendant's property is or will imminently be in the District; and (4) that no other statutory bar to attachment exists.

In light of the foregoing, we respectfully request that your Honor execute the proposed Ex Parte Order of Attachment annexed hereto as Exhibit C on an urgent basis as no doubt the check in question will be released soon. We thank you Honor for consideration of this request. We are available to discuss the issues raised herein at the Court's convenience.

Respectfully submitted,

Nancy R. Siegel